UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZEERAY LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>MTM INDUSTRIES SP. Z O. O.<br><br>                    Defendants. | Civil Action No.<br><br><br>(JURY TRIAL DEMANDED) |

## COMPLAINT

Plaintiff Zeeray LLC ("Zeeray" or "Plaintiff"), by its attorneys, hereby complains of Defendant MTM Industries Sp. z o. o. ("Defendant") as follows:

## JURISDICTION AND VENUE

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §101 *et seq.*; for trademark infringement and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. §1125; and for unfair competition under the law of the State of New York.   This Court has jurisdiction over the federal claims of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338, and 15 U.S.C. §1121, and has jurisdiction over the state claims under 28 U.S.C. §1338(b) and further pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.   The state claims asserted herein are so related to the federal claims as to form part of the same case or controversy.

2.     This action arises from Defendant's use, sale, offer for sale, and/or importing of products, and conduct of activities, that infringe Plaintiff's design patent and trade dress.

3.     This Court has personal jurisdiction over Defendant in that Defendant has engaged in acts constituting doing business in the State of New York, including in this judicial district and has intentionally directed its tortious activities toward the State of New York, including this judicial district.  Defendant has committed acts of intellectual property infringement in New York, including this judicial district, and has delivered the accused products into the stream of commerce with the expectation that they will be purchased by consumers in the State of New York, including this judicial district.  Defendant has sold products, including products that are the subject of this Complaint, to consumers in the State of New York, including this judicial district.

4.     Venue is proper in this Court, pursuant to 28 U.S.C. §§1391(b) - (d) and 28 U.S.C. §1400(b), in that Defendant is a corporation subject to personal jurisdiction within this judicial district and has committed acts of patent infringement in this judicial district.

**THE PARTIES**

5.     Plaintiff Zeeray LLC ("Plaintiff" or "Zeeray") is a limited liability company organized and existing under the laws of the State of New Jersey,

and having a principal place of business located at 10 Neptune Boulevard, Suite 104, Neptune, New Jersey 07753.

6.     Upon information and belief, the Defendant MTM Industries Sp. z o. o. ("Defendant" or "MTM") is a corporation organized and existing under the laws of Poland and having a principal place of business at ul. Wysoka 5A, 62-800 Kalisz, Poland.  Upon information and belief, MTM distributes air freshener products for sale in the United States, including products sold in this judicial district.

## FACTS

### PLAINTIFF'S PATENT
### AND TRADE DRESS

7.     Zeeray is a company which specializes in the design, development, advertisement, promotion, and sale of air freshener products ("Zeeray's Products").

8.     Abraham Hakim of Zeeray LLC is the inventor of new technology and designs, including new inventions relating to air fresheners.

9.     Plaintiff's unique and innovative air fresheners are well known throughout the United States and foreign countries as a result of the popular products that Plaintiff has designed, introduced, and commercialized in interstate and international commerce.

10.     On June 1, 2010, United States Design Patent No. D616,974 S, entitled "Air Freshener" was duly and lawfully issued to Zeeray for Mr.

3

Hakim's inventions by the United States Patent and Trademark Office (hereafter "the '974 patent").  A copy of the '974 patent is attached as Exhibit 1 hereto.

11.    Plaintiff has used its patent on a wide variety of air fresheners sold in interstate commerce, and has generated millions of dollars in revenue from the sale of goods using its patented designs.

12.    Plaintiff has invested significant time, funds, and effort into its products.

13.    As a result of Plaintiff's efforts and promotional, advertising, and marketing activities, Plaintiff's product designs have become widely known throughout the United States and worldwide.

14.    Zeeray sells its air freshener products throughout the United States.  Its U.S. customers include major retailers such as Autozone, Big Lots, Frank Millman Distributors, Kleen-Rite, Kroeger, Sears/K-Mart, Shoprite, Wegmans, Napa, and 7-11, to name a few.

15.    Zeeray's air fresheners are also sold internationally, including sales to customers in Canada, Mexico, Venezuela, France, the United Kingdom, and Australia.

16.    Zeeray sells a substantial number of the aforementioned air fresheners under the popular brand JUICE®, a federally registered trademark owned by Zeeray.

4

17.    Zeeray's JUICE® air fresheners are well known to consumers throughout the United States.

18.    Zeeray's JUICE® air fresheners exhibit its distinctive and characteristic "drop of juice" or "drop of liquid" – as part of Zeeray's product designs, and product packaging.

19.    Attached as Exhibits 2 and 3 hereto are images showing examples of Zeeray's JUICE® air fresheners.

20.    Zeeray has expended significant time, funds, and effort in designing developing, promoting, marketing and popularizing aesthetically appealing and attractive product designs and packaging for its JUICE® line of air fresheners.

21.    Zeeray is the owner of all right, title and interest in and to the trademarks and trade dress rights associated with its JUICE® line of air fresheners.

22.    As a result of Zeeray's substantial effort and investment in designing, developing, promoting, advertising and marketing its JUICE® air fresheners, consumers throughout the United States have come to associate those products with Zeeray, and Zeeray's products have become highly regarded amongst the consuming public.

23.     The appearance of Zeeray's products, including its droplet for air fresheners, are inherently distinctive symbols which serve as trade dress of Zeeray in interstate commerce, both in the United States and elsewhere.

24.     The appearance of Zeeray's JUICE® air freshener products has also acquired secondary meaning, and is recognized as identifying Zeeray's high-quality products.

25.     Zeeray's trademarks, trade dress, and associated intellectual property and goodwill directed to its JUICE® air fresheners, are valuable assets of Zeeray.

26.     The appearance of the configuration of Zeeray's air freshener products is protectable, distinctive, non-functional trade dress.

27.     Specifically, and as further identified and depicted in Exhibits 2 and 3, the Zeeray air freshener product configuration trade dress constitutes an air freshener including a shape resembling, in part or in whole, a drop (or droplet) of juice or liquid (hereinafter, "Zeeray's Trade Dress").

**DEFENDANT'S INFRINGEMENT OF
PLAINTIFF'S PATENT AND TRADE DRESS**

28.     During the term of the Plaintiff's patent, Defendant has manufactured, offered for sale, sold, used, and/or imported products embodying the patented design of the '974 patent, and engaged in activities infringing the same.

6

29.     In addition to its acts of patent infringement, Defendant has offered for sale, sold, and/or distributed, false, unauthorized copies of Zeeray's Trade Dress throughout the United States.

30.     The unauthorized products that Defendant has offered for sale, sold and/or distributed include but are not limited to products bearing the "Aroma Car" brand.

31.     Defendant's "Aroma Car" brand products utilize a droplet shaped configuration for air fresheners.

32.     Attached as Exhibit 4 is an image of an example of Defendant's accused product that Defendant has offered for sale, sold and/or distributed, and is continuing to offer for sale, sell, and/or distribute, in interstate commerce in the United States.

33.     Defendant's droplet shaped product, shown in Exhibit 4, is a deceptive and confusing knock-off of Zeeray's intellectual property.

34.     Defendant's acts have been without license or authority of Zeeray.

35.     Defendant's bad faith activities have caused and will continue to cause actual deception and confusion, as well as a likelihood of deception and confusion, in the marketplace among consumers, and extensive damage to Zeeray and its business, goodwill and reputation.

7

36.    Upon information and belief, Defendant's activities have been deliberate and willful.

37.    Defendant has illegally profited from its infringement of Plaintiff's patented design and trade dress.

## WILLFUL INFRINGEMENT

38.    Upon information and belief, Defendant's activities have been deliberate and willful.

39.    Upon information and belief, Defendant is aware of Plaintiff's designs, and has deliberately chosen to use, sell, and offer for sale, products intended to copy or imitate those designs.

40.    Upon information and belief, Defendant is also aware of the Plaintiff's trade dress, and has deliberately chosen to offer for sale and sell highly similar products intended to cause confusion with Plaintiff's trade dress.

41.    Defendant's actions have caused and are causing irreparable damage to Plaintiff.

42.    Plaintiff has been damaged by Defendant's bad faith activities and will continue to be damaged unless Defendant is restrained and enjoined by this Court.

43.    Plaintiff has no adequate remedy at law.

44.     Plaintiff has been damaged by Defendant's illegal actions in an amount to be determined by a jury and this Court, including recovery and relief for Plaintiff's lost sales, lost profits, and damage to their reputation and good will, and/or a disgorgement of Defendant's revenues and profits.

**COUNT I**
**PATENT INFRINGEMENT**
**(35 U.S.C. §101 et seq.)**

45.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

46.     This claim arises under 35 U.S.C. §101 et seq.

47.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331.

48.     Defendant's acts constitute infringement of the '974 patent, under 35 U.S.C. §271 et seq.

49.     Upon information and belief, Defendant's acts of infringement were and are willful and deliberate.

50.     Defendant has profited from its infringing activities.

51.     As a result of Defendant's conduct, Plaintiff has been substantially harmed, and has suffered actual damages, including lost profits, and has been forced to retain legal counsel and pay costs of court to bring this action.

## COUNT II
## LANHAM ACT TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION
## (15 U.S.C. §1125(a))

52.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

53.     This claim arises under the Lanham Act, 15 U.S.C. §1051 et seq.

54.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331.

55.     Defendant is intentionally using trade dress which is confusingly similar to Plaintiff's trade dress directed to air freshener products in a manner that has caused and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

56.     Defendant's activities, in selling and offering for sale products with trade dress which is confusingly similar to Plaintiff's trade dress, constitute unfair competition, false designation of origin, and false description and representations, and false advertising, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

57.     Defendant's acts of infringement were and are willful and deliberate.

58.     Defendant has profited from its illegal and bad faith activities.

10

59.     Plaintiff has suffered, and continues to suffer, substantial damages as a result of Defendant's bad faith activities, in an amount to be determined by the jury and this Court.

## COUNT III
## UNFAIR COMPETITION UNDER NEW YORK LAW

60.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

61.     This claim arises under the common law of the State of New York.

62.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

63.     Plaintiff has created and promoted its product designs and packaging, including its trademarks and trade dress, through extensive time, labor, skill and money.

64.     Defendant has misappropriated the results of that labor and skill and those expenditures of Plaintiff.

65.     Defendant has used designs that are confusingly similar to Plaintiff's in competition with Plaintiff, gaining an unfair advantage, because Defendant bore little or no burden of expense of development and promotion of those goods.

66.     By knowingly using a confusingly similar product trade dress to compete against Plaintiff's goods, Defendant has also misappropriated a commercial advantage belonging to Plaintiff.

67.     Defendant has also engaged in bad faith misappropriation of the labors of Plaintiff which is likely to cause confusion, and to deceive purchasers as to the origin of the goods.

68.     Defendant's actions have caused significant commercial damage to Plaintiff.

69.     Defendant's conduct is illegal and actionable under the common law of unfair competition of the State of New York.

70.     Plaintiff has been injured by Defendant's illegal actions and is entitled to the remedies provided under New York law.

## DAMAGES

71.     Plaintiff is being irreparably harmed by Defendant's infringing activities, and has no adequate remedy at law.

72.     Plaintiff has been extensively damaged by Defendant's intellectual property infringement in an amount to be determined by a jury and this Court.

73.     Plaintiff seeks damages as a result of Defendant's infringement which include, but are not limited to:  Plaintiff's lost sales, lost profits, damage to its reputation and good will and any and all other damages to

Plaintiff recoverable by law; and/or disgorgement of Defendant's revenues and profits; from Defendant's sales of infringing products, associated parts thereof, and from convoyed sales, and any and all other advantages gained by Defendant from its infringing activities.

74.     Plaintiff requests that this honorable Court assess enhanced damages against Defendant in the fullest amount permissible by law, including, but not limited to, treble damages under federal law and punitive damages under New York law, in view of the willful, egregious, malicious, and extensive nature of Defendant's bad faith activities complained of herein, and in view of the numerous violations, the willful nature of the violations, and the significant damage to Plaintiff, as set forth above.

## JURY TRIAL DEMAND

75.     Pursuant to Rule 38, Fed. R. Civ. P. Plaintiff hereby demands a trial by jury on all issues set forth herein that are properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court, upon final hearing of this matter, grant the following relief against Defendant:

A.     That Defendant be adjudged to have engaged in patent infringement of Plaintiff's rights under U.S. Design Patent No. D616,974 S ("the '974 patent"), under 35 U.S.C. §101 *et seq.*;

B.     That Defendant be adjudged to have engaged in federal unfair

competition and trade dress infringement under Section 43 of the Lanham Act, 15 U.S.C. §1125;

C.    That Defendant be adjudged to have engaged in unfair competition and trademark infringement under the common law and statutory law of the State of New York.

D.    That the '974 patent, is duly and legally issued by the U.S. Patent Office, and is valid and enforceable;

E.    That each of Defendant, its officers, agents, servants, employees, representatives, distributors and all persons in concert or participation with Defendant be enjoined pursuant to 35 U.S.C. §283 from engaging in any activities which infringe Plaintiff's rights in the patent under 35 U.S.C. §271;

F.    That each of Defendant, its officers, agents, servants, employees, representatives, distributors and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in any activities, including but not limited to making, using, importing, offering for sale and selling any products which infringe Plaintiff's rights in Zeeray's Products, and/or advertising materials, including Plaintiff's rights in its trademarks and trade dress;

G.    That each of Defendant, its officers, agents, servants, employees,

representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from offering for sale, selling or marketing merchandise that tends in any way to deceive, mislead or confuse the public into believing that Defendant's merchandise in any way originates with, is sanctioned by, or is affiliated with Plaintiff;

H.      That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from otherwise competing unfairly with Plaintiff;

I.      That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in further acts of misrepresentation regarding Plaintiff and Plaintiff's products;

J.      That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in further deceptive and unfair business practices with respect to Plaintiff;

K.      That each of Defendant, its officers, agents, servants, employees,

15

representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in further acts infringing Plaintiff's rights under New York law;

L.     That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be ordered to provide a complete and full accounting of any and all U.S. and worldwide sales of the products accused in this Complaint, and/or products violating Plaintiff's rights.

M.     That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendant has complied with the injunction;

N.     That Defendant be required to account for and pay over to Plaintiff any and all revenues and profits derived by it and all damages sustained by Plaintiff by reason of the acts complained of in this Complaint, including an assessment of interest on the damages so computed, and that the damages be trebled, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117, as

well as 35 U.S.C. §§284 and 289, and all further applicable state
and federal law;

O.   That Plaintiff obtain disgorgement of Defendant's profits and
advantages attributable to or derived from the acts complained
of in this Complaint in accordance with all applicable law and/or
equity.

P.   That Defendant be required to account for and pay over to
Plaintiff such actual damages as Plaintiff has sustained as a
consequence of Defendant's infringement, in the amount of
Plaintiffs' lost profits and/or a reasonable royalty, and that the
damages relating to patent infringement be trebled pursuant to
35 U.S.C. §284, and to account for and pay to Plaintiff all of
Defendant's gains, revenues, profits and advantages
attributable to or derived by Defendant's infringement,
pursuant to 35 U.S.C. §289, and all further applicable state and
federal law;

Q.   That each such award of damages be enhanced to the maximum
available for each infringement in view of Defendant's willful
infringement of Plaintiff's rights;

R.   That Defendant be required to deliver up for impoundment
during the pendency of this action, and for destruction

17

thereafter, all copies of the infringing materials in its possession or under its control and all materials, including molds and master models, used for making same;

S.    That Plaintiff be awarded punitive or exemplary damages under New York law because of the egregious, malicious, and tortious conduct of Defendant complained of herein;

T.    That Plaintiff recover the costs of this action including its expenses and reasonable attorney's fees pursuant to 15 U.S.C. §1117, 35 U.S.C. §285 and all further applicable state and federal law, because of the deliberate and willful nature of the infringing activities of Defendant sought to be enjoined hereby, which make this an exceptional case warranting such award;

U.    That Plaintiff be awarded pre-judgment and post-judgment interest;

V.    That Plaintiff obtain all further relief permitted under the laws of the United States and the State of New York; and,

W.    That Plaintiff obtain all such other and further relief as the Court may deem just and equitable.

Dated: July 30, 2015                    */s/ Morris E. Cohen*

Morris E. Cohen (MC-4620)
Limor Wigder (LW-1986)
GOLDBERG COHEN LLP
1350 Avenue of the Americas, 3rd Floor

18

New York, New York 10019
(646) 380-2087 (phone – main)
(646) 380-2084 (phone – direct)
(646) 514-2123 (fax)
MCohen@GoldbergCohen.com
LWigder@GoldbergCohen.com