UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZEERAY LLC,<br><br>Plaintiff,<br><br>v.<br><br>MTM INDUSTRIES SP. Z O. O. AND R.R. LALENA CORP.<br><br>Defendants. | Civil Action No.<br><br>1:15-cv-04466 (JG)(JO)<br><br>(JURY TRIAL DEMANDED) |

**PLAINTIFF'S REPLY TO DEFENDANT MTM'S COUNTERCLAIM**

Plaintiff and Counterclaim-Defendant Zeeray, LLC ("Zeeray" or "Plaintiff"), by its attorneys, hereby reply to Defendant and Counterclaim-Plaintiff MTM Industries Sp. Z O. O.'s ("MTM" or "Defendant") answer and counterclaim, admitting, averring, and denying as follows, with any matters not expressly admitted herein to be deemed denied.

**AFFIRMATIVE DEFENSES**

To the extent that Defendant's affirmative defenses require any response, Plaintiff responds as follows:

Defendant's First Affirmative Defense

Plaintiff denies the allegations in Defendant's first affirmative defense.

Defendant's Second Affirmative Defense

Plaintiff denies the allegations in Defendant's second affirmative defense.

Defendant's Third Affirmative Defense

Plaintiff denies the allegations in Defendant's third affirmative defense.

Defendant's Fourth Affirmative Defense

Plaintiff denies the allegations in Defendant's fourth affirmative defense.

Defendant's Fifth Affirmative Defense

Plaintiff denies the allegations in Defendant's fifth affirmative defense.

Defendant's Sixth Affirmative Defense

Plaintiff denies the allegations in Defendant's sixth affirmative defense. Plaintiff alleges that MTM was aware of Plaintiff's intellectual property and that its actions constitute willful infringement of Plaintiff's rights.

Defendant's Seventh Affirmative Defense

Plaintiff denies the allegations in Defendant's seventh affirmative defense. Plaintiff alleges that it owns a valid design patent.

Defendant's Eighth Affirmative Defense

Plaintiff denies the allegations in Defendant's eighth affirmative defense. Plaintiff alleges that it owns a valid design patent. Further, Defendant's eighth affirmative defense is duplicative of Defendant's seventh affirmative defense.

Defendant's Ninth Affirmative Defense

Plaintiff denies the allegations in Defendant's ninth affirmative defense. Plaintiff denies any allegations that it has unclean hands.

Defendant's Tenth Affirmative Defense

Plaintiff denies the allegations in Defendant's tenth affirmative defense. Plaintiff denies any allegations that it acquiesced in any way to Defendant's illegal activities.

Defendant's Eleventh Affirmative Defense

Plaintiff denies the allegations in Defendant's eleventh affirmative defense.

**REPLY TO COUNTERCLAIM**

1. Plaintiff admits the allegations of paragraph 1.

2. Plaintiff admits the allegations of paragraph 2.

3. Plaintiff admits that this Court has jurisdiction over the counterclaims under the statutes cited, but denies that the counterclaims are valid or are otherwise properly brought.

4. Plaintiff admits the allegations of paragraph 4.

5. Plaintiff admits that Defendant purports to bring a counterclaim for the reasons asserted in paragraph 5, but otherwise denies the same. Plaintiff asserts that the patent is valid and enforceable and is being infringed by Defendant.

6. Plaintiff admits that Defendant purports to bring a counterclaim for the reasons asserted in paragraph 6, but otherwise denies the same. Plaintiff asserts that the patent is enforceable against Defendant.

7. Defendant asserts allegations about itself and unnamed members of the industry, which allegations are entirely speculative, and, therefore Plaintiff denies the allegations of paragraph 7.

8. Plaintiff denies the allegations of paragraph 8.

**AFFIRMATIVE DEFENSES**

To the extent required, Plaintiff denies all of the allegations of the defenses and affirmative defenses in Defendant's answer and counterclaim and request that the Court

deny Defendant's requests therein. In addition, Plaintiff sets forth the following defenses to Defendant's counterclaim. The assertion of defenses herein is not intended to alter the applicable burdens of proof, nor intended to limit Plaintiff's rights in any manner.

Plaintiff expressly reserves its right to supplement the defenses below based on any further information it may learn during this action, and reserve the right to assert any further defenses, positions, claims and counterclaim that it becomes aware of during discovery, or at trial, as applicable.

**FIRST DEFENSE**

Defendant has failed to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendant's counterclaim is without merit. The counterclaim is legally and factually without basis.

**THIRD DEFENSE**

Defendant's counterclaim is barred under the doctrine of unclean hands, by Defendant's own illegality, and by the conduct of Defendant and its agents and representatives.

**FOURTH DEFENSE**

The legal and factual allegations of Defendant's counterclaim are entirely too vague and ambiguous as to be capable of a meaningful response. Defendant's vague and ambiguous allegations fail to put Plaintiff on notice as to any basis for the counterclaims, violating the requirements of law and due process.

**FIFTH DEFENSE**

Defendant's counterclaim is barred under the doctrine of laches.

**SIXTH DEFENSE**

Defendant's counterclaim is barred under the doctrine of estoppel.

**SEVENTH DEFENSE**

Defendant's counterclaim is barred under the doctrines of acquiescence and waiver.

**PRAYER FOR RELIEF**

WHEREFORE, having responded to Defendant's counterclaim, Plaintiff hereby prays for judgment as follows:

A. That Defendant's counterclaim be dismissed in its entirety with prejudice, and that Defendant's requests for relief be denied;

B. That judgment be entered in favor of Plaintiff and against Defendant on all of Plaintiff's claims and Defendant's counterclaim;

C. That Defendant and its counsel, officers, agents, directors, and employees, and all persons in active concert or participation with it, be enjoined from directly or indirectly engaging in any further acts of infringement and unfair competition complained of in Plaintiff's Complaint, with respect to any and all of Plaintiff's intellectual property;

D. That the Court deny Defendant's request in paragraph a, and find that Defendant's accused product infringes Plaintiff's patent and trade dress rights under both

Federal law and New York State law, as well as under Common Law of Unfair Competition;

E. That the Court deny Defendant's request in paragraph b, and award Plaintiff its requests in the Complaint;

F. That the Court deny Defendant's request in paragraph c, and declare that Defendant's accused product infringes Plaintiffs' patent and trade dress rights under both Federal law and New York State law, as well as under Common Law of Unfair Competition. Also, that the Court declare that Plaintiff's Design Patent No. D616,974 is valid and enforceable and that Defendant infringes same patent;

G. That the Court deny Defendant's request in paragraph d;

H. That the Court deny Defendant's request in paragraph e and find that Defendant's counterclaim is without merit;

I. That the Court deny Defendant's request in paragraph f, and find that Defendant's counterclaim is without merit;

J. That the Court deny any and all remaining requests set forth in Defendant's Answer and Counterclaim, rule against Defendant on its alleged defenses, and issue the relief set forth in Plaintiff's Complaint.

K. That this case be deemed exceptional pursuant to 35 U.S.C. §285, and that Plaintiff be awarded its reasonable attorneys' fees, costs, damages, and expenses; and

L. That this Court grant Plaintiff such other and further legal and equitable relief as it may deem just and proper.

Dated: May 18, 2016

*/s/Morris E. Cohen/*

Morris E. Cohen (MC-4620)
Limor Wigder (LW-1986)
GOLDBERG COHEN LLP
1350 Avenue of the Americas, 3rd Floor
New York, New York 10019
(646) 380-2463 (phone)
(646) 514-2123 (fax)
MCohen@GoldbergCohen.com
LWigder@GoldbergCohen.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2016, a true and correct copy of the foregoing **PLAINTIFF'S REPLY TO DEFENDANT MTM'S COUNTERCLAIM** was served via the Court's ECF system on counsel of record for Defendant MTM Industries Sp. Z O. O. having the following address:

Todd Wengrovsky
Law Offices of Todd Wengrovsky PLLC
285 Southfield Road, Box 585
Calverton NY 11933

Dated: May 18, 2016

By: /s/*Limor Wigder* ___________
Limor Wigder